UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MANUEL PUPO-LEYVAS, an individual, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:08-cv-207-RLY-WGH |
| MARK A. BEZY, in his individual capacity and official capacity as Warden, United States Penitentiary Terre Haute, | ) ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND
MOTION TO EXTEND TIME FOR DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff Pupo-Leyvas' Motion to Compel Production of Documents and Motion to Extend Time for Discovery filed May 8, 2009. (Docket No. 45). Defendant filed a Response to Motion to Compel on May 15, 2009. (Docket No. 46). Plaintiff's Reply in Support was filed on June 1, 2009. (Docket No. 47). Defendant's Sur-Reply in Opposition was filed on June 7, 2009. (Docket No. 49).

The Magistrate Judge, being duly advised, now **DENIES** Plaintiff's Motion to Compel Production of Documents and **GRANTS** Plaintiff's Motion to Extend Time for Discovery.

Plaintiff, Manuel Pupo-Leyvas, has served Defendant, Mark A. Bezy, with certain requests for production of documents. The Magistrate Judge has reviewed

the requests for production and finds that the requests seek information relevant to Plaintiff's claim that he was injured while an inmate at the institution at which Defendant was the Warden.

In response to the motion to compel, Defendant has objected to producing the items because this is a *Bivens* case where Bezy has been sued in his individual capacity, and he has since retired from the Bureau of Prisons. Therefore, Bezy argues that he no longer has responsive documents in his possession, custody, or control.

With respect to the issue of "possession, custody, or control," the test is whether the party has a *legal right* to control or obtain the documents. *See* 8A CHARLES ALAN WRIGHT & AUTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2210 (2nd ed. 1994). Bezy is the "party" in this lawsuit who is being sued in his individual capacity. As he is now retired, Bezy as an individual has no legal right to control or obtain the documents requested which pertain to investigations and acts performed by employees and agents of the Bureau of Prisons. Since Bezy – the retired individual – has no "legal right to control" these documents, he cannot at this time be compelled to produce them.

The Magistrate Judge recognizes that some courts in the Seventh Circuit have equated the right to control documents with the practical ability to obtain them. *See e.g.*, *Engel v. Town of Roseland,* 2007 WL 2020171 at *2 (N.D. Ind. 2007). However, in this case, Bezy's practical ability to obtain the documents would require that his counsel, acting on his behalf, request those items from the

Bureau of Prisons. Bezy's counsel in this case also represents the United States in a related Tort Claims Act case. The mere fact that Bezy's counsel could ask another separate client (in this case the Bureau of Prisons) to provide those documents does not give to Bezy the legal right to control the documents sought. The law does draw a distinction between the liability of Bezy as an individual and that of the United States – even for those actions taken by Bezy while he was an agent of the United States. The Magistrate Judge chooses not to disregard this legal distinction merely for matters of convenience.

If there was no other way to obtain the documents sought, the Magistrate Judge might have to consider whether the practical ability to obtain the documents should require their production under these circumstances. However, Plaintiff does have the ability to obtain those same documents by issuing an appropriate request in the related tort case, or by serving a subpoena. Because these legal avenues remain for the Plaintiff to effectuate the purpose of this request for production, the Magistrate Judge concludes that in this case Plaintiff should be required to exhaust those legal avenues before an order compelling production is granted in this case. Therefore, the Motion to Compel Production of Documents is **DENIED.**

Plaintiff seeks an extension of time for discovery. Since the court has determined that Plaintiff must obtain these relevant documents through another avenue, his request to extend the time for completion of discovery is **GRANTED.** Discovery in this matter will be extended for a period of sixty (60) days for

purposes of obtaining the documents sought in the current requests for production of documents.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** June 24, 2009

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Scott T. Bielicki
STEPTOE & JOHNSON LLP
sbielicki@steptoe.com

Suzanne Dallas Reider
STEPTOE & JOHNSON LLP
sreider@steptoe.com

James Elmer Rocap III
STEPTOE & JOHNSON LLP
jrocap@steptoe.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Philip J. Fornaci
WASHINGTON LAWYERS' COMMITTEE
 FOR CIVIL RIGHTS & URBAN
philip_fornaci@washlaw.org